# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 1:11CR00038-003 |
| | Case No. 1:12CR00030-001 |
| v. | **OPINION AND ORDER** |
| CELIA HAYNES EDWARDS, | By: James P. Jones |
| Defendant. | United States District Judge |

*Celia Haynes Edwards, Pro Se Defendant.*

Defendant Celia Haynes Edwards is currently serving a prison sentence imposed by this court. On February 11, 2015, I granted Edwards' motion for a sentence reduction pursuant to Amendment 782 of the U.S. Sentencing Guidelines Manual ("U.S.S.G."), U.S.S.G. § 1B1.10 of the Manual, and 18 U.S.C. § 3582(c)(2), and reduced her sentence from 72 months to 64 months.

Edwards now moves the court to reconsider the extent of the sentence reduction in its prior order. She contends that the court has the authority to reduce her sentence even further, and that evidence of her post-sentencing rehabilitation warrants a reduction of her sentence to the minimum of the amended guideline range. Unfortunately for Edwards, the court does not the authority to further reduce her sentence.

I.

On April 31, 2012, this court sentenced Edwards based on her guilty plea pursuant to a single written plea agreement covering two separate cases. She pleaded guilty to conspiracy to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846 & 841(b)(1)(A), possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C), being a felon and unlawful user in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (Counts 1, 3, and 5, Case No. 1:12CR00038-003), and retaliation against a witness in violation of 18 U.S.C. § 1513(b)(2) (Count 1, Case No. 1:12CR00030-001). Pursuant to the Sentencing Guidelines, Edwards had a Offense Level of 32, with a Criminal History Category of I, resulting in an advisory imprisonment range of 121 to 151 months. I sentenced her to the bottom of that range — 121 months.

On September 23, 2013, I granted the government's Rule 35 motion to reduce Edwards' sentence based on her substantial assistance to authorities, and reduced her sentence to 72 months imprisonment.

On April 30, 2014, the U.S. Sentencing Commission submitted to Congress a proposed amendment to the sentencing guidelines that would revise the guidelines applicable to drug trafficking offenses, effective November 1, 2014. The drug amendment, designated Amendment 782, later made retroactive by

Amendment 788, U.S.S.G. § 1B1.10(d), generally reduces by two levels the offense levels assigned to the drug quantities described in U.S.S.G. § 2D1.1. Applicable to the present case, Edwards amended guideline range was 108 to 135 months, based upon a new Offense Level of 31.[1]

On February 11, 2015, I granted Edwards' motion for a sentence reduction pursuant to Amendment 782, and reduced her total imprisonment term to 64 months.

Where an amendment, such as Amendment 782, has been made retroactive, the Guidelines confer discretion on the court to grant a reduction and to determine the extent of any such reduction, provided that the new sentence is not less than the minimum amended guideline range. U.S.S.G. § 1B1.10(b)(2)(A). In Edwards' case, her present sentence is less than the amended guideline range. However, in cases where the defendant's sentence is less than the amended guideline range because of a motion by the government to reflect the defendant's substantial assistance, the Guidelines provide an exception that only permits a reduction "comparably less than the amended guideline range." U.S.S.G. § 1B1.10(b)(2)(B).

The plain language of this provision thus permits, at most, a sentence reduction proportionate to the Rule 35 reduction Edwards previously received.

---

[1] The new Offense Level of 31 is a result of the rules governing multiple count groups under U.S.S.G § 3D1.4. Because the reduction in the drug offense level resulted in a smaller difference between the group offense levels, an additional unit was added to the combined offense level.

Comparing the extent of the prior reduction — 121 months to 72 months, approximately 40 per cent — produced a proportionate reduction from the bottom of the new Guideline range to 64 months. Therefore, because § 1B1.10(b)(2)(B) precludes any further reduction, I must deny Edwards' motion.

## II.

For these reasons, it is **ORDERED** that the Motion for Reconsideration (ECF No. 188 and ECF No. 89) is DENIED.

ENTER: March 26, 2015

/s/ James P. Jones
United States District Judge

- 4 -

Case 1:11-cr-00038-JPJ-PMS   Document 189   Filed 03/26/15   Page 4 of 4   Pageid#: 729